**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DISTRICT**

**MICHAEL RICHARD CROSBY**                                              **PLAINTIFFS**

**v.**                                 **NO. 4:05-CV-01849 GTE**

                                 **Related Cases:**

                                              **No. 4:05-CV-00023 GTE**
                                              **No. 4:05-CV-00469 JMM**
                                              **No. 4:05-CV-01494 GH**

**JUDGE ROBERTS OF CONWAY**
**COUNTY COURT and OTHERS**                                         **DEFENDANTS**

**ORDER DISMISSING COMPLAINT AND DIRECTING THAT**
**NO FURTHER PLEADINGS SHALL**
**BE FILED BY PLAINTIFF WITHOUT PRIOR COURT APPROVAL**

        This is the fourth action that Plaintiff Michael Crosby, proceeding *pro se* and *in forma*

*pauperis*, has caused to be filed in the United States District Court for the Eastern District of

Arkansas.  The other three cases are identified above as related for the reasons and purposes

stated herein.

        In all cases in which a Plaintiff attempts to proceed *in forma pauperis*, the Court is

obligated to screen the case and is required by law to dismiss it if it appears frivolous or fails to

state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  The Court finds that

Plaintiff satisfies the poverty requirements to proceed *in forma pauperis*, but concludes that his

Complaint is frivolous and fails to state a claim for relief for the reasons set forth below.

Accordingly, his Complaint will be dismissed.  The Court also finds that Plaintiff's Motion for

Temporary Restraining Order and Motion to Compel are frivolous and will be denied.      The

- 1 -

Court further concludes, based on a review of the related cases filed by Mr. Crosby and his

history as a litigant, that it is necessary to impose some further restrictions on Mr. Crosby's

access to the Courts in order to reduce the number of frivolous filings and to avoid the continued

waste of judicial resources.

### HISTORY OF RELATED CASES

The Court begins by reviewing the prior three cases filed by the Plaintiff because that

review makes clear the need to impose more restrictive filing requirements on Michael Crosby.

All of the cases appear to have some connection, either directly or indirectly, to damages

allegedly suffered by Mr. Crosby as a result of an explosion at the Detco Industries, Inc. (Detco)

manufacturing facility in Conway, Arkansas on January 5, 2004.[1]

Each of Mr. Crosby's prior three cases are reviewed separately.

(1)   ***Mind Guard v. Scottsdale Insurance Company, Detco Industries, Inc., City of Conway, Social Security Administration***, **No. 4:05-CV-00023 GTE (Case # 1)**

On January 6, 2005, Michael Crosby caused an action to be filed in the name of his

corporation, Mind Guard.[2]   The case was assigned to the undersigned judge.  Mind Guard

requested permission to proceed *informa pauperis*.   The Court, noting that corporations are not

considered "persons" for purposes of eligibility to proceed *in forma pauperis*, denied the motion,

but permitted an extension of time for Mind Guard to tender the $250 filing fee.  The Court also

noted the requirement that Mind Guard be represented by legal counsel, and established a

---

[1]  The explosion has spawned a plethora of litigation.  A declaratory judgment is pending in this district to determine Detco's insurer's obligations with respect to multiple class action lawsuits in Arkansas state courts.  *Scottsdale Insurance Co. v. Detco Industries, Inc.*, 4:04-CV-00080 SWW.

[2]  Mind Guard is an Arkansas non-profit corporation.  Michael Crosby is listed as Mind Guard's Registered Agent.

deadline for Mind Guard to have licensed counsel enter an appearance on its behalf.[3]

On February 4, 2005, Mr. Michael Crosby brought papers (15 pages total) to the Clerk of the Court and requested that the papers not be filed, but instead that they be given directly to the undersigned Judge and placed "under seal." A member of the Court's staff visited with Mr. Crosby at length during that visit. The Court reviewed the papers tendered by Mr. Crosby, but concluded that there was nothing in the papers which justified their being filed under seal. The Court explained this to Mr. Crosby in its February 8th Order and also explained to him that even pleadings "filed under seal" must be filed in the case rather than submitted directly to the assigned judge for review. These papers were returned to Mr. Crosby.

After Mr. Crosby's personal visit to the Court, the Court scheduled the case for a hearing on March 16, 2005, for the purpose of explaining to Mr. Crosby the legal necessity of Mind Guard being represented by counsel and of paying the filing fee in order to proceed. Mr. Crosby appeared at the hearing and argued that Mind Guard should not be required to pay the filing fee or retain counsel. The Court rejected Mr. Crosby's argument and dismissed the case without prejudice in open court at the conclusion of the hearing.

Notwithstanding the dismissal of the case, Mr. Crosby attempted on or about November 28, 2005, to file additional pleadings in the closed case.[4] After reviewing the proposed

---

[3]   Order of February 8, 2005 in Case # 1, Doc. 8.

[4]  Mr. Crosby attempted to file the same single copy of multiple pleadings in both this case, Case # 1, and in a second case pending before Judge Moody, Case No. 4:05-CV-469 JMM (referred to as Case # 2 herein). What Mr. Crosby presented was confusing and required personnel from both Judge's offices to review the submissions to determine first, what it was that Mr. Crosby was attempting to file and, second, whether such pleadings should be filed in either, or both, cases.
   This history further supports this Court's determination that one judge should act as a gatekeeper to review all submissions tendered by Mr. Crosby, and that the Clerk's office be relieved from the difficult task of screening Mr. Crosby's duplicitous and confusing submissions.

submissions, the Court directed that they not be filed in the case.

> **(2)**      ***Michael R. Crosby v. Scottsdale Insurance Company, Detco Industries, Inc.,
> City of Conway, Social Security Administration*, Case No. 4:05-CV-469
> (CASE # 2)**

On March 16, 2005, Plaintiff initiated the above referenced case, Case # 2, which was
assigned to The Honorable James M. Moody.  The Defendants in Case # 2 are the same as in
Case # 1.  Additionally, the allegations in both Complaints are the same.  Mr. Crosby alleges in
both Complaints that the defendants were acting in bad faith and were "failing to act in
acordance [sic] with needed protocals [sic] for disaster recovery and emergence [sic]
management."

Judge Moody dismissed this action for failure to state a claim.  Judge Moody noted that
the dismissal was without prejudice to Plaintiff's right to challenge any decision of the Social
Security Administration in federal court after exhaustion of his administrative remedies.  Judge
Moody further noted that the dismissal was without prejudice to Mind Guard bringing a lawsuit
through a licensed attorney.[5]

Notwithstanding the entry of Judgment dismissing the case, Mr. Crosby continued to file
pleadings in the dismissed case, including a motion to change the venue, add additional parties
and to reopen the case.  On December 5, 2005, Judge Moody entered an Order directing the
Clerk of the Court not to accept any documents for filing from Michael Crosby, *pro se*, (except
pleadings associated with an appeal) in Case # 2 without first obtaining the Court's permission.[6]

---

[5]  Judge Moody's Order of August 15, 2005 in Case # 2, Doc. 13.

[6]  Judge Moody's Order of December 5, 2005 in Case # 2, Doc. 28.

**(3)** *Michael Crosby v. Bob Imboden and Cheryl Imboden d/b/a Oakwood Village Mobile Home Park*, **Case No. 4:05-cv-01494 GH**
**(Case # 3)**

On October 14, 2005, Plaintiff Michael Crosby, proceeding *pro se* and *in forma pauperis*, filed a new case which was assigned to The Honorable George Howard, Jr.  Included with the Complaint was a motion entitled, "Motion to Overrule Lower Court" therein requesting that Judge Howard overrule a ruling by a state court judge, David L. Reynolds, who presides over the Circuit Court of Faulkner County, Arkansas, First Division.  The motion reads in part:

> I WAS REFUSED THE RIGHT TO FILE A CASE'S in the lower court OVER A YEAR AGO.
>  THE COURT    STATING THAT
> NOT MORE CASES CONCERN THE DETCO FIRE "WILL BE ALOUD TO BE FILED IN THIS COURT" "DUE TO THE OVERLOADING OF THE COURT OF CASES ALL READY FILED IN THIS COURT".(CONCERNING THE DETCO FIRE).  [sic]

(Docket No. 3 in Case # 3).  The motion includes several attachments, one of which is an Order dated September 30, 2005, signed by Judge Reynolds and directing Mr. Crosby to remove his trailer from a mobile home park for nonpayment of rent for the space or risk having it removed for him.  The Order indicates that the state court action was initiated by the Defendants in Case # 3, Bob Imboden and Cheryl Imboden dba Oakwood Village Mobile Home Park.

On October 20, 2005, Judge Howard signed an Order finding the action frivolous and dismissing it.[7]  In the Order, Judge Howard explained to Mr. Crosby that a federal district court lacks the authority to review and reverse a final Judgment rendered by a state court.

Undeterred by the dismissal of the action, Mr. Crosby on November 4, 2005, filed a Motion for Temporary Restraining Order, seeking to have the Imodens restrained from removing

---

[7] Order of October 20, 2005, Docket No. 4, in Case # 3.

the trailer.[8]  Judge Howard denied the motion.[9]

## THE PRESENT ACTION

*Michael Richard Crosby v. Judge Roberts of Conway City Court*, **Case No. 4:05-CV-1849.  (Case # 4)**

On November 18, 2005, Mr. Crosby filed the present action, Case # 4.  The Complaint's allegations mirror closely the allegations in Cases # 1 and 2.  The Complaint refers to the "Detco fire" and various allegations of wrongdoing against a variety of Defendants, known and unknown.  The Complaint indicates an intent to pursue actions for redress against: (1) The City of Conway for a variety of actions, many of which appear to be related to other trials; (2) The City Courts of Conway.

Although the Complaint names only Judge Roberts specifically, the Complaint does not include any specific allegations of wrong-doing against Judge Roberts.  Rather, it appears that the Plaintiff has named a new party, Judge Roberts, along with unnamed "others" as a vehicle to file substantially the same or similar allegations of wrongdoing he previously filed in Cases # 1 and 2.  In any event, Judge Roberts enjoys absolute immunity for any actions performed in his judicial role. The action against Judge Roberts is frivolous and shall be dismissed.

Mr. Crosby's Complaint may be read to allege generally that his civil rights have been violated by the lower courts, the police and the City of Conway, but he does not include any allegations from which this Court can conclude that it has subject matter jurisdiction to grant the requested relief.  For example, Mr. Crosby alleges that good reasons exist "to put restraining order's on CASES from Conway, Greenbrier and Mayflower."  This Court lacks the legal

---

[8]  Docket No. 7 in Case # 3.

[9]  Docket No. 9 in Case # 3.

authority to enter restraining orders on cases pending in state court.

The record indicates that Mr. Crosby has, likely on multiple occasions, pursued relief in state court, and that he is attempting to relitigate issues he has lost in that forum.  And, as Mr. Crosby has been advised previously, federal court lacks the authority to review judgments imposed by the state court or to interfere with ongoing state court proceedings.

Most of Mr. Crosby's allegations include a laundry list of allegations against the City of Conway, contending for example, that the City should be held liable for:  "tampering with trials," "lying to disabled people,"denying Mr. Crosby access to "investigate in full the Detco fire," failing to provide lists of witnesses to Mr. Crosby, failing to keep notes on the Detco fire.

Again, it appears that Mr. Crosby is still attempting to hold the City of Conway, and others, responsible for jeopardizing the health and property of the citizens as a result of the Detco fire.  He alleges, for example, that he is one of over a hundred people getting sick from chemicals from the Detco fire.  This appears to raise a negligence or tort-type claim, but such actions are grounded in state law, diversity jurisdiction is lacking, and this Court therefore has no subject matter jurisdiction over such claims.  It appears to the Court that to the extent Mr. Crosby has any valid and unresolved claims, it is more likely than not the state courts, not the federal courts, which have jurisdiction to address such claims.

Reviewing the Complaint as a whole, the Court concludes that it must be dismissed.

## PLAINTIFF'S OTHER MOTIONS IN THIS CASE

For the record, the Court will identify the two other motions Plaintiff has filed in this case.  Both motions are frivolous and will be denied as such.

Plaintiff's Motion for Restraining Order indicates that he seeks a Restraining Order against Judge Roberts to stop him and apparently unnamed others "from doing further damage

and continuing to make good on threats lay ed [sic] in the past (in open court) and still on going."
(Docket No. 3).  Mr. Crosby also seeks an Order:  (1)  prohibiting the parties from arresting him,
bothering him, or placing records in city, state or federal computers concerning him;  (2) forcing
the parties to retract all records posted to computers until this case is resolved;  (3) keeping the
parties from coming within 150 feet of Mr. Crosby; and  (4) restricting the parties from sending
people up to him to "keep asking him if he know were there [sic] the jail is."  (Docket No. 3).

Federal courts are courts of limited jurisdiction.  They can act only if a case falls within
one of the Court's specific grants of subject matter jurisdiction.  This Court has no legal authority
to review Orders entered by Judge Roberts, to prohibit state law officials from arresting or
"bothering" Mr. Crosby, or in any respect on the present record to enter the requested restraining
orders.

Plaintiff's Motion to Compel requests an Order directed the City of Conway to provide
copies of all information concerning the Detco fire to the Court and to Mr. Crosby.  The Court
has no authority to issue such an order given the dismissal of the Complaint.

These submissions further support the need for more stringent filing restrictions on Mr.
Crosby.

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED THAT:

(1)  Plaintiff Michael Crosby's Motion to Proceed *In Forma Pauperis* (Docket No. 1) be,
and it is hereby, GRANTED;

(2)   Plaintiff Michael Crosby's Complaint (Docket No. 2) be, and it is hereby
DISMISSED as frivolous.

(3)   Plaintiff Michael Crosby's Motion for Temporary Restraining Order (Docket No. 3) and Motion to Compel (Docket No. 4) be, and they are hereby, DENIED as frivolous.

(4)   that the Clerk of the Court shall not accept for filing <u>any</u> future submissions from Michael Crosby, proceeding *pro se*, in <u>any</u> case (whether previously assigned to another judge in this district or a new filing) unless authorized by the undersigned Judge.  This restriction shall not apply to an appeal of this Order.[10]

IT IS SO ORDERED THIS 15thday of December, 2005.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE

---

[10]  Mr. Crosby is hereby placed on notice of the time limitations for appealing this Order to the Eighth Circuit Court of Appeals.  Generally speaking, if Mr. Crosby elects to appeal this Order, he must file his Notice of Appeal not later than thirty (30) days from the entry of this Order.  *See* Fed. R. App. P. 4(a)(1).